## THE STATE v. STEWART ET AL.

1. **Criminal Law**: EVIDENCE: ONE CO-DEFENDANT MAY TESTIFY FOR ANOTHER. One co-defendant may testify for another jointly indicted with him for the same offense, notwithstanding the possibility that he may receive the benefit of his own testimony.

*Appeal from Des Moines District Court.*

MONDAY, JUNE 9.

THE defendants were convicted and sentenced for the crime of unlawful assembly, and now appeal to this court.

*J. & S. K. Tracy*, for appellants.

No appearance for the State.

The State v. Stewart.

ADAMS, J.—Evidence was introduced by the State tending to prove that the defendants and some others assembled one night around the house of one Cocaigne and demanded something to eat; that upon being refused they threw stones against the house, and used indecent and threatening language; that one of the persons said: "Let's go in and kick hell out of the son of a bitch."

1. CRIMINAL LAW: evidence: one co-defendant may testify for another.

The defendant Stewart then offered as a witness the defendant Miller to testify in behalf of Stewart, and not in behalf of himself, that he was present with the company charged with constituting an unlawful assembly; that he was near enough to the others to hear what was said, and that the others were not noisy, and that no one of the others used the language which the witness for the State had testified that some one of them used. To the offered testimony of Miller the State objected on the ground that the witness could not be allowed to testify for himself, and that in testifying for the others he would be testifying for himself. The court sustained the objection, and the defendant Stewart excepted. The defendant Miller then offered the defendant Stewart as witness in behalf of Miller, and not in behalf of himself, to prove that he was present and that the others were not noisy, and that no one of the others used the language which the witness for the State testified that some one of them did use. To this offered testimony of Stewart the State made the same objection as to the offered testimony of Miller. The court sustained the objection, and the defendant Miller excepted.

Under the offers it appears to us that the testimony was admissible. It is true that there was some danger that the defendants might, in fact, receive the benefit of their own testimony. It would have been proper, therefore, to caution the jury against it. We are unable to see how it could be properly excluded.

REVERSED.